OMAHA & R. V. R. Co. v. ALFRED STANDEN.
SAME v. RICHARD STANDEN.

[FILED MAY 20, 1890.]

The Verdict is fully sustained by the evidence, and there are no material errors in the record.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*J. M. Thurston,* and *W. R. Kelly,* for plaintiff in error.

*W. H. Munger,* and *E. F. Gray, contra.*

MAXWELL, J.

These cases are similar in character, and for convenience in consideration are submitted together.

A synopsis of the plaintiff's cause of action set forth in the amended petition in each case, with the verdict and judgment are as follows:

1st. Alfred Standen alleges in substance that defendant negligently, unlawfully, and wrongfully constructed its railroad bridge in November, 1876, across the Platte river at a point one and a quarter miles above the farm since that time purchased by the plaintiff, viz., southwest quarter of section 6, township 15, range 10, and northeast quarter of southeast quarter, and north half of southeast quarter of southeast quarter, and lot 7, and the north $26\frac{40}{100}$ acres of lot 9, in section 1, township 15 north, of range 9 east, in all 259 acres, of which he alleges he was the owner in fee, in such manner as to create an unlawful obstruction in the river and to prevent the natural flow of ice and water therein, and to cause the same to gorge, back up, and overflow the banks, and thereby greatly injure and damage adjoining lands and property. That about February 27, 1886, a gorge of ice was thereby, and as the natural result thereof, formed at said bridge, and the ice and water from said river turned over its banks upon adjacent lands from which it flowed down across the lands plaintiffs at that time owned, and that damages resulted to plaintiff as follows:

To his lands by reason of the particular injuries
 alleged .................................................$2590 00
To his corn in the fields...............................  200 00
To his hogs and cattle..................................  100 00
To his hay.................................................   30 00
              ———————
   Total damages claimed......................$2920 00

The defendant in its answer denies the plaintiff's title as alleged, admits the construction of a railroad bridge, but denies that it was built unlawfully or wrongfully, or in violation of plaintiff's rights; alleges its lawful authority to erect and maintain the same; denies that said bridge

was so constructed as to cause an unlawful obstruction in the Platte river, or to prevent the natural flow of water and ice therein, or to cause the ice to gorge, back up, and overflow the banks of said river; denies that said bridge was in any respect insufficiently or defectively constructed; alleges that it was a suitable, safe, proper, and lawful structure. It denies that said bridge in any manner caused the ice and water to back up and overflow the lands of plaintiff; that said overflow was solely caused by and was the result of natural causes, the unprecedented high waters, the sudden breaking up of the immense quantity of ice in the river, and that his damages resulted wholly from the elements or the act of God, and not in any way or in any manner caused by the defendant or any of its structures or erections connected with said railroad, or by the maintenance thereof; and a general denial of the various allegations of the petition, and the plea of the four year statute of limitations.

The reply is a general denial.

The verdict was for the plaintiff below as follows:

Damages to land.....................................$1295 00
Damages to cattle, hogs, corn, and hay............  213 00
                                                    ───────
    Total ...........................................$1508 00

In Richard Standen's case the pleadings, as amended, were in substance the same, except that he alleges he became and was after the building of the bridge the owner in fee of the northwest quarter of section 7, township 15, range 10, and the northeast quarter of the northeast quarter, and lots 2 and 7 of section 12, township 15 north, of range 9 east, and the south twenty-five acres of lot 9, and the south half of the southeast quarter of the southeast quarter of section 1, township 15 north, of range 9 east, being 259 acres in all.

He alleges damages to said lands......................$2585 00
To his corn .............................................. 500 00
To his hogs and cattle................................. 300 00
To his hay............................................... 30 00

Total damages claimed .......................$3415 00

The verdict was for plaintiff as follows:
Damages to land...........................................$1292 00
Damages to cattle, hogs, corn, and hay............ 463 00

Total ...............................................$1755 00

These cases were tried at one and the same time and to the same jury, there being separate verdicts.

In the case of *O. & R. V. R. Co. v. Brown, ante* p. 492, recently decided by this court, the cause of action was substantially the same as in the cases under consideration, and the defense is substantially the same as was interposed in that case.

In that case the testimony and instructions objected to were reviewed and need not be discussed again in considering this case. The testimony does clearly show that the piers of the bridge were but twenty feet apart from center to center, and that during the breaking up of the river in the spring cakes of ice more than twenty feet square were liable to float down the river in considerable quantities, and that they could not pass through between the piers of the bridge without being broken up. And if not broken up and passed through the bridge, the inference is clear that a gorge would be the result, and that during the breaking up of the river in February and March, 1886, vast quantities of heavy ice passed down the river, and that the bridge obstructed the same. There is some conflict on this point, but the clear weight to testimony shows that such was the case. The truth is, as we infer from the testimony, that a bridge across the Platte river, with spans but twenty feet apart, is much more cheaply constructed than one of

40

longer spans. There are also some other advantages in the
short spans, but the necessity of taking precautions to pre-
vent gorges, and consequent overflows of the river, does
not appear to have been weighed with as much considera-
tion as the importance of the subject required. Yet own-
ers of property on each side of the river have a right to
insist upon a bridge with wider spans, that will not obstruct
the flow of ice and cause an overflow of the bottom lands.
The right of the railway company to construct the bridge
is undoubted, but a bridge that would be sufficient in the
shallow river at North Platte or Kearney is wholly inad-
equate in the comparatively deep water near Valley. It
is evident that wider spans in the channel of the river
would obviate the difficulties complained of, and that these
facts were known, or at least could have been known, in
1876, when the bridge was erected.

The damages are not excessive and it is difficult to see
how the jury could have returned a different verdict than
they have done in each case. The judgment is right and is

AFFIRMED.

THE other judges concur.